**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

AZIZ IHAB SAYYED,

      Petitioner,

v.                                                                                Case No. 2:24-cv-02083-MSN-tmp

WARDEN HARRISON,

      Respondent.

**ORDER DISMISSING PETITION UNDER 28 U.S.C. § 2241 FOR LACK OF SUBJECT MATTER JURISDICTION, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court are the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1) filed by Aziz Ihab Sayyed, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), Bureau of Prisons register number 35714-001, and the amended petitions (ECF Nos. 4 & 5). For the following reasons, the Court **DISMISSES** the § 2241 Petition for lack of subject matter jurisdiction.

## I.    BACKGROUND AND PROCEDURAL HISTORY

In March 2018, the United States Attorney in the Northern District of Alabama filed an information charging Sayyed with one count of knowing attempt "to provide material support or resources, including services and personnel, to a foreign terrorist organization, namely ISIS, knowing that ISIS was a designated foreign terrorist organization and that ISIS engages in and has engaged in terrorist activity and terrorism, in violation of 18 U.S.C. § 2339B." *United States v. Sayyed*, Cr. No. 5:18-cr-00090 (N.C. Ala. Mar. 6, 2018), ECF No. 1. On March 8, 2018, Petitioner

entered a guilty plea pursuant to a plea agreement and waived the indictment. (*See id.*, ECF Nos. 6, 7, and 8.) The parties agreed to request a sentence of 180 months imprisonment with a lifetime term of supervised release. (*Id.*, ECF No. 7 at p. 5.) Sayyed waived the right to appeal his conviction and sentence and waived the right to challenge his conviction in any post-conviction proceeding, including a motion brought under 28 U.S.C. § 2255. (*Id.* at p. 6–7.) On June 20, 2018, the Court pronounced the sentence of 180 months imprisonment, to be following by supervised release for life, and the judgment was entered on June 25, 2018. (*See id.*, ECF No. 12.)

Petitioner previously filed a similar § 2241 petition in this Court on December 14, 2023. *See Sayyed v. Harrison*, No. 2:23-cv-02774-MSN-tmp (W.D. Tenn.), ECF No. 1. The Court dismissed the petition for lack of subject matter jurisdiction on January 19, 2024. (*Id.*, ECF No. 5.)

In 2024, Petitioner filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 in the United States District Court for the Northern District of Alabama. *See Sayyed v. United States*, No. 5:24-cv-8022-LCB (N.D. Ala. Sept. 13, 2024), ECF No. 1. On July 21, 2025, the Court denied the § 2255 motion. (*Id.*, ECF No. 13).

## II.    THE § 2241 PETITION

Sayyed challenges the constitutionality of his imprisonment under the Fourth and Fifth Amendments and argues that his arrest and detention are without probable cause. (ECF No. 1 at PageID 2, 6–10; *see also* ECF No. 4 at PageID 19, 23–27; ECF No. 5 at PageID 31–32, 36–40.) He seeks a hearing and to "be discharged immediately from the imprisonment or detention." (ECF No. 1 at PageID 10.)

### III.    ANALYSIS OF PETITIONER'S CLAIMS

This Court is authorized to issue a writ of habeas corpus under 28 U.S.C. § 2241(c)(3) when a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where an inmate challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). Federal prisoners may obtain habeas corpus relief pursuant to 28 U.S.C. § 2241 only under limited circumstances.

One limitation on the availability of relief under § 2241 is in the "saving clause" of § 2255(e), which provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Courts construing this language "have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241." *Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999) (per curiam) (citations omitted); *see United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) ("Section 2255 is the primary avenue for relief for federal prisoners protesting the legality of their sentence, while § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served."); *McCormick v. Butler*, 977 F.3d 521, 524 (6th Cir. 2020) ("When a federal prisoner collaterally attacks the validity of his sentence, rather than the conditions of his confinement, he must ordinarily proceed under § 2255, not § 2241."). The saving clause

thus limits the district courts' subject matter jurisdiction because "[a] district court has no jurisdiction over an application for habeas under section 2241 if the petitioner could seek relief under section 2255." *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021).

If, however, the remedy under § 2255 is "inadequate or ineffective to test the legality of [a prisoner's] detention," then relief under § 2241 remains available, but "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow . . . ." *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Supreme Court recently explained in *Jones v. Hendrix*, 599 U.S. 465, 474 (2023), "the clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." Importantly, "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." *Charles*, 180 F.3d at 756 (citations omitted).

*Jones* clarified that "the saving clause is concerned with the adequacy or effectiveness of the remedial vehicle ('the remedy by motion'), not any court's asserted errors of law." *Jones*, 599 U.S. at 480–81. The Supreme Court emphasized that the saving clause cannot be used as an "end-run around AEDPA," which allows a second or successive 2255 motion to proceed only if it asserts one of two conditions: (1) newly discovered evidence such that no reasonable factfinder would have found the defendant guilty; and (2) a new rule of constitutional law made retroactive to cases on collateral review. *Id.* at 477; *see* 28 U.S.C. § 2255(h). The Supreme Court distinguished due process errors that occur at trial from AEDPA's restrictions on collateral review, explaining that "[d]ue process does not guarantee a direct appeal, let alone the opportunity to have legal issues

4

redetermined in successive collateral attacks on a final sentence." *Jones*, 599 U.S. at 487 (citation omitted).

The instant § 2241 petition challenges the constitutionality of Sayyed's conviction and sentence, a challenge which should be filed in the sentencing court under 28 U.S.C. § 2255. Petitioner does not contend that the § 2255 remedy is inadequate or ineffective. Petitioner has previously sought and been denied § 2255 relief. Petitioner has waived his right to seek § 2255 relief in the plea agreement.

Sayyed has not met his burden of satisfying the saving clause by showing that a § 2255 motion is inadequate or ineffective to challenge his sentence. For this reason, and because Petitioner is not "challenging the legality of his *detention* without attacking the validity of his *sentence*," *Jones*, 599 U.S. at 475 (cleaned up), this Court lacks jurisdiction to address the merits of Petitioner's claims.

For the reasons set forth above, the § 2241 Petition, as amended, is **DISMISSED** for lack of subject-matter jurisdiction. Judgment shall be entered for Respondent.

## IV.    APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004); *Melton v. Hemingway*, 40 F. App'x 44, 45 (6th Cir. 2002).

A habeas petitioner seeking to appeal must pay the $605 filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking

pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)–(5).

In this case, because the Court lacks subject matter jurisdiction over Petitioner's claims, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[1]

**IT IS SO ORDERED**, this 21st day of July, 2026.

s/ *Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[1] If Petitioner files a notice of appeal, he must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.